## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Frank Lee Slone,**
**Petitioner Below, Petitioner**

vs) **No. 12-0620** (Cabell County 11-D-486)

**Amanda Slone (now Warf),**
**Respondent Below, Respondent**

**FILED**

May 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Frank Lee Slone, by counsel Frederick G. Staker, III, appeals the "Order Affirming Family Court Judge" entered by the Circuit Court of Cabell County on April 9, 2012. Amanda Slone (now Warf), by counsel Hoyt Glazer, filed her response to which petitioner filed a reply. Petitioner seeks the reversal of the circuit court's order and a remand of this matter to family court with specific instructions to modify the portion of the family court order that requires petitioner to pay half of respondent's student loans acquired during the marriage.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

While petitioner and respondent were married, respondent took out student loans totaling $15,000. During the divorce proceedings, respondent requested that petitioner be required to pay a portion of those loans, asserting that the monies were used, at least in part, for marital purposes. Petitioner disputed that the monies were used for marital purposes, instead arguing that they were used by the respondent for drugs, alcohol, and partying.

On December 28, 2011, the family court entered its "Order on Parenting and Support and Final Division of Marital Property and Debts." That order requires that petitioner repay $7,500 of respondent's student loans. Petitioner appealed that order to the Circuit Court of Cabell County. The circuit court reviewed the petition for appeal, the testimony at the hearing, and the record before it and determined that the family court's findings of fact were not clearly erroneous, arbitrary, capricious, or an abuse of judicial discretion. The circuit court also found that the family court's conclusions of law were not arbitrary, capricious, or an abuse of judicial discretion. The circuit court then affirmed the family court's order.

In reviewing a final order entered by a circuit judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of

1

fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004). West Virginia Code § 48-7-103 (2012) provides that "[i]n the absence of a valid agreement, the court shall presume that all marital property is to be divided equally between the parties, . . ." Further, "[a] husband and wife are liable when any article purchased by either goes to: (1) The support of the family; (2) The joint benefit of both; . . ." W.Va. Code § 48-29-303(b) (2012).

Based on our review of the family court's order and the record before this Court, we cannot say that the family court abused its discretion in this matter. Further, we find that the family court's findings of fact were not clearly erroneous. The equal division of respondent's student loan debt acquired during the marriage was, therefore, not in error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  May 17, 2013

**CONCURRED IN BY:**

Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Chief Justice Brent D. Benjamin

2